UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ZORYAN INSTITUTE FOR CONTEMPORARY ARMENIAN RESEARCH & DOCUM, <br> Plaintiff, <br><br> v. <br><br> FOX POINT PICTURES, LLC, et al., <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 1:24-cv-00109-JJM-AEM |

REPORT AND RECOMMENDATION

AMY E. MOSES, United States Magistrate Judge.

Plaintiff Zoryan Institute for Contemporary Armenian Research & Docum ("Plaintiff" or "Zoryan Massachusetts") is a Massachusetts nonprofit corporation with its principal place of business in Arlington, Massachusetts. ECF No. 20 at 1. Zoryan Massachusetts filed this lawsuit in connection with a 2015 agreement between Plaintiff and Defendants Fox Point Pictures, LLC ("Fox Point") represented by Theodore J. Bogosian (collectively, "Defendants") about the production of a documentary film about the Armenian Genocide. ECF No. 1 at 3-6. The matter is before the Court on Plaintiff's Notice of Motion and Motion for Leave to File Second Amended Complaint ("SAC") (ECF No. 42) and Defendants' Motion for Sanctions and Other Relief (ECF No. 43) referred for determination pursuant to 28 U.S.C. § 636(b)(1)(A).[1] The Court heard oral argument on January 21, 2026. For the reasons explained below, the Court recommends that the

---

[1] A magistrate judge has the authority to decide a motion to amend by determination. *Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 9 n.2 (1st Cir. 2000). However, because I am recommending that Count IV be dismissed with prejudice, I am issuing a Report and Recommendation. *See Addamax Corp. v. Open Software Found., Inc.*, 149 F.R.D. 3, 6 n.3 (D. Mass. 1993).

Motion for Leave to File SAC be GRANTED and that the SAC (ECF No. 42-3) become the operative document conditioned upon the dismissal of Count IV WITH PREJUDICE; and the Motion for Sanctions and Other Relief be DENIED.

## I.     BACKGROUND

Plaintiff filed suit on March 22, 2024, asserting against all Defendants breach of contract, breach of implied duty of good faith and fair dealing, and unjust enrichment.  ECF No. 1 at 6-10.  Plaintiff also asserted a claim for breach of fiduciary duty against Mr. Bogosian in his individual capacity (Count IV).  *Id.*  In its answer filed June 20, 2024, Fox Point asserted two counterclaims.  ECF No. 18.

On June 11, 2024, Defendants' counsel wrote Plaintiff citing Rule 11 ("2024 Rule 11 Letter") and requesting the basis for claims against Mr. Bogosian.  ECF No. 43 at 9; ECF No 43-1 at 3.  Defendants' letter noted that Mr. Bogosian was not a party to the contract at issue, had not been a board member at any point in the last twenty years, and was not included in Zoryan Massachusetts' annual filings to the Massachusetts Secretary of the Commonwealth or IRS Form 990s.  ECF No. 43-1 at 3, 5-11.  Zoryan Massachusetts responded on June 19, 2024 that it would "drop Mr. Bogosian for the breach of contract/breach of implied covenant claims without prejudice" but would "not be dropping the breach of fiduciary duty claim against him" because it had "enough factual support and evidence that Mr. Bogosian was a board member while working on the film."  ECF No. 43-8 at 2.

On July 5, 2024, Plaintiff amended its Complaint once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), filing a First Amended Complaint ("FAC").  ECF No. 20.  On July 19, 2024, Fox Point amended its counterclaims. ECF No. 23.  Plaintiff's FAC contains breach of contract and breach of implied duty of good faith and fair dealing claims against Fox

2

Point (Counts I and II); an unjust enrichment claim against all Defendants (Count III); the breach of fiduciary duties claim against Mr. Bogosian (Count IV); and alter ego and fraudulent inducement claims against all Defendants (Counts V and VI). ECF No. 20. In the allegations related to Count IV, Zoryan Massachusetts specified that "Defendant Bogosian, at relevant times (2016-2019), was a member of the board of directors of Zoryan, and thus owed common law fiduciary duties to act in good faith, care, and loyalty in regards to Zoryan." *Id.* at 10-11. The FAC further provides:

> On or around February 20, 2016, Bogosian was selected to become a member of Zoryan's Corporate Board, as reflected in the minutes of Zoryan's board meeting attached hereto as "**Exhibit C**," where Bogosian is referred to as "Ted." Bogosian was present at the board meeting. The minutes from a board meeting on November 2, 2019 confirm Bogosian was a board member ("**Exhibit D**").

*Id.* at 11.

Exhibit C to the FAC is a mostly redacted document indicating "Minutes from Zoryan Institute Board of Directors Meeting, Feb. 20-21, 2016" at the top of each page and "Motion #3: Ted to become a member of the Corporate Board once again – motion carried" on the bottom of the sixth page. ECF No. 20-3. Exhibit D to the FAC is a mostly redacted document on letterhead from "The Zoryan Institute," specifically, "The International Institute for Genocide and Human Rights Studies (A Division of the Zoryan Institute)," dated November 2, 2019 indicating that the Zoryan Institute of Canada's Board of Directors met on that date and Theodore Bogosian was absent. ECF No. 20-4.

After proceeding with discovery, Defendants sought dismissal of Counts III and IV against Mr. Bogosian and Counts V and VI against all Defendants, and Plaintiff sought dismissal of both counterclaims. ECF No. 24; ECF No. 26. In response to Mr. Bogosian's argument for dismissal of Count IV, Zoryan Massachusetts argued that its claim was "sufficiently plead . . . because from

3

at least 2016 to 2019 Bogosian was a Zoryan board member, during the time he was producing the film." ECF No. 28 at 2. Zoryan Massachusetts also referenced Exhibits C and D to the Amended Complaint "as proof that Bogosian was a board member." *Id.* On November 1, 2024, Chief Judge McConnell dismissed Count III (as to Mr. Bogosian) and Count V of the FAC but allowed challenged Counts IV and VI of the FAC as well as both challenged counterclaims to proceed. ECF No. 32.

As discovery continued, Zoryan Massachusetts provided Defendants with several years of board meeting minutes and agendas from Zoryan Canada. ECF No. 43-12; ECF No. 43-13. On July 1, 2025, Defendants initiated a meet and confer by letter regarding a potential Rule 11 motion concerning Count IV of the FAC, breach of fiduciary duty against Mr. Bogosian ("2025 Rule 11 Letter"). ECF No. 42-1 at 3. Rather than resolving the issue, the parties agreed to conduct depositions later that month and resume discussions thereafter. *Id.*

The parties engaged in "nine months of written discovery and depositions primarily focused on the issue of Mr. Bogosian's membership on Plaintiff's board of directors." ECF No. 43 at 24. Defendants researched Plaintiff's corporate filings and internet presence, ultimately retaining a forensic expert who determined that the metadata from the 2016 board minutes (Exhibit C to the FAC) indicated that the document was modified in 2024, shortly after Defendants' counsel sent the 2024 Rule 11 Letter. ECF No. 43 at 14.

On September 11, 2025, before resuming meet and confer discussions, defense counsel served and filed Defendants' Motion to Dismiss and for Sanctions. ECF No. 40. Plaintiff immediately notified Defendants that by filing such motion Defendants violated the 21-day "safe harbor" provision of Federal Rule of Civil Procedure 11(c)(2). ECF No. 42-1 at 3. The "safe harbor" provision states that a Rule 11 Motion must not be "filed or presented to the court if the

4

challenged . . . claim . . . is withdrawn or appropriately corrected within 21 days after service or within another time as the court sets." Fed. R. Civ. P. 11(c)(2). Defendants moved to withdraw their Motion to Dismiss and for Sanctions the following day.[2] ECF No. 41. The parties then informally discussed Plaintiff's proposed removal of Count IV of the FAC via the filing of a second amended complaint, but Defendants would not consent unless Plaintiff agreed to several conditions specified by Defendants. ECF No. 42-1 at 2, 4-5.

With discussions at an impasse, Plaintiff filed the instant Motion for Leave to File SAC seeking the Court's permission to further amend the FAC by withdrawing Count IV, breach of fiduciary duty against Mr. Bogosian. ECF No. 42 at 1-2. Beyond the removal of Count IV and related language, and effectuating Judge McConnell's dismissal of Count III against Mr. Bogosian and Count V against all Defendants, the proposed SAC contains no other substantive changes. ECF No. 42-2. Defendants opposed the Motion for Leave to File SAC and filed a Motion for Sanctions and Other Relief, seeking attorneys' fees and costs under 28 U.S.C. § 1927, revocation of the pro hac vice status of Plaintiff's counsel pursuant to LR Cv 204(e), and dismissal of the FAC in its entirety. ECF No. 44; ECF No. 43. Defendants contend that Plaintiff's conduct in pursuing the breach of fiduciary duty claim against Mr. Bogosian warrants the imposition of such sanctions. ECF No. 43 at 4.

**II.   ANALYSIS**

    **A.   Plaintiff's Motion for Leave to File SAC**

Plaintiff seeks leave to file the SAC to voluntarily remove Count IV, breach of fiduciary duty against Mr. Bogosian, without prejudice pursuant to the safe harbor provision of Rule 11.

---

[2] At oral argument, Defendants' counsel indicated that the filing of the Rule 11 motion was a mistake by counsel.

ECF No. 42-1 at 1. Plaintiff asserts that its motion for leave to amend the complaint is the appropriate procedure to withdraw the challenged claim. *Id*. at 7 (citing *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 639 (9th Cir. 2010)). And Plaintiff contends that because it sought to withdraw the breach of fiduciary claim within the safe harbor, "sanctions cannot properly be imposed." *Id.*

Defendants counter that granting the motion "would reward Plaintiff's dilatory tactics and impose undue prejudice on Defendants." ECF No. 44 at 1. Defendants alternatively argue that if the Court grants the motion and allows Plaintiff to file a SAC, then Count IV should be dismissed with prejudice and with Plaintiff paying Defendants' fees and costs. *Id.* at 2. Dismissal with prejudice, they contend, is necessary to avoid exposing Mr. Bogosian "to the threat of repeated litigation over the same baseless allegations." *Id.* at 6.

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading at any time with the Court's leave, which should be given freely "when justice so requires." The decision "whether to permit an amendment must be made in the discretion of the Court, considering the totality of the circumstances, including the motion's timeliness." *Boudreau v. Petit*, C.A. No. 17-301WES, 2024 WL 5202023, at *4 (D.R.I. Dec. 23, 2024) (citing *Nikitine v. Wilmington Trust, Co.*, 715 F.3d 388, 390-91 (1st Cir. 2013)). And in this case, where the deadline to amend pleadings in the scheduling order has passed (ECF No. 33) and pursuant to Federal Rule of Civil Procedure 16(b)(4), the motion to amend will be granted "only upon a showing of 'good cause.'" *Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019) (quoting *United States ex rel. D'Agostino*, 802 F.3d 188, 192 (1st Cir 2015)). "The 'good cause' standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant." *Id.* (citing *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004)).

Concerning sanctions in this context, "Rule 11 did not abrogate a court's inherent sanction powers, nor was it intended to serve as a check on those powers." *Galanis v. Szulik*, 841 F. Supp. 2d 456, 462 (D. Mass. 2011) (citing Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment emphasizing that Rule 11 "does not inhibit the court . . . in exercising its inherent powers"), *adhered to on reconsideration*, 863 F. Supp. 2d 123 (D. Mass. 2012). Rule 11 was "'intended to *reduce* the reluctance of courts to impose sanctions' and to discourage abusive litigation tactics and the filing of frivolous claims." *Id*. (citing Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment). Thus, Rule 11's safe harbor provision, while "designed to give parties the opportunity to correct or withdraw ill-advised pleadings before sanctions are imposed," does not "shield vexatious litigants from the consequences of filing frivolous lawsuits"—including the Court's inherent power to dismiss with prejudice. *See id.* (citing *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 397-99 (4th Cir. 2004)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) ("In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees.").

Plaintiff promptly sought the Court's approval to remove the challenged count within the safe harbor period proscribed by Rule 11.[3] Under these circumstances, the Court finds that "justice so requires" the amending of the complaint to effectuate the removal of Count IV. However, applying the "good cause" standard and due to the travel of this case detailed above and below,

---

[3] "The object of the safe harbor is to allow a party to privately withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation." *Triantos v. Guaetta & Benson, LLC*, 91 F.4th 556, 561 (1st Cir. 2024) (quoting *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005)).

the Court finds that nonmovant Mr. Bogosian would be prejudiced by a reassertion of a breach of fiduciary duty claim by Plaintiff. Therefore, I recommend that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 42) be GRANTED IN PART and DENIED IN PART, permitting the filing of the SAC, dismissing Count IV WITH PREJUDICE, and declining to award fees or costs.

### B.   Defendants' Motion for Sanctions and Other Relief

Defendants seek revocation of Plaintiff's counsel's pro hac vice status, dismissal of the FAC in its entirety, and monetary sanctions pursuant to 28 U.S.C. § 1927, which imposes liability for excess costs on an attorney of record that "multiplies the proceedings in any case unreasonably and vexatiously." ECF No. 43 at 4. Defendants' primary assertion is that Plaintiff has never had a good faith basis to assert that Mr. Bogosian served on the board of Zoryan Massachusetts from 2016-2019 (or "at any time this century"). *Id.* at 4-5. Because Zoryan Massachusetts continued to press Count IV and still asserts that there is evidence that Mr. Bogosian served on its board despite evidence to the contrary, a 2024 Rule 11 Letter, and a 2025 Rule 11 Letter, Defendants seek sanctions. *Id.* at 27-28. Defendants point to altered board meeting minutes, lack of documents showing the Mr. Bogosian was a board member of Zoryan Massachusetts, deposition testimony of the president of the Zoryan Massachusetts board of directors stating that he did not recall if Mr. Bogosian ever served on the board, the lack of an expert to support Count IV, sworn filings that Zoryan Massachusetts did not transact business with an insider, and delay in providing authentic documents, among other things. ECF No. 43 at 17-19, 30-36; ECF No. 47 at 7-15.

Plaintiff counters that its conduct is insufficient for sanctions because it has a good faith basis to assert its claim for breach of fiduciary duty against Mr. Bogosian; its utilization of the

8

"safe harbor" provision of Federal Rule of Civil Procedure 11(c)(2) insulates it from sanctions[4] under both Rule 11 and 28 U.S.C. § 1927; and its attorneys did not "unreasonably and vexatiously multiply the proceedings" in pursuing Count IV. ECF No. 46 at 19-21, 25-28. Plaintiff characterizes Defendants' motion as "frivolous" and invites the Court to sanction Defendants by ordering them to pay Plaintiff's fees and costs incurred in responding. *Id.* at 30.

Defendants' Motion for Sanctions and Other Relief requires delving deeper into discovery. As discussed above, two redacted documents were attached to Plaintiff's FAC. ECF No. 20-3; ECF No. 20-4. These documents—meeting minutes—provide the crux of Plaintiff's "proof" that Mr. Bogosian served on the board of directors of Zoryan Massachusetts from 2016-2019 and therefore had a fiduciary duty to Plaintiff, as alleged in Count IV.[5] ECF No. 28 at 2. Exhibit C to the FAC, a heavily redacted six-page document titled "Minutes from Zoryan Institute Board of Directors Meeting, Feb. 20-21, 2016" has some text visible at the bottom of page six: "Ted" adjacent to "Reach out to Stefan Ihrig as mentioned" and "Motion #3: Ted to become a member of the Corporate Board once again – motion carried[.]"[6] ECF No. 20-3 at 7. Defendants included an unredacted version of these 2016 minutes as an exhibit to their motion. ECF No. 43-25.

Exhibit D to the FAC, a heavily redacted five-page document entitled Institute Board of Directors' Meeting Minute of Meeting on stationary of "The International Institute for Genocide and Human Rights (A Division of the Zoryan Institute)," lists as "Absent" Theodore Bogosian on the first page. ECF No. 20-4 at 2. Also unredacted is text revealing that "*President Greg*

---

[4] As noted above, this proposition is incorrect.
[5] Plaintiff also points to emails in which Mr. Bogosian does not object to being referred to as a board member and a YouTube video wherein it is possible to see an image of a document entitled "Zoryan Institute Academic and Corporate Board of Directors" with names and photos of individuals, including Mr. Bogosian. ECF No. 46 at 17-19; ECF No. 46-12 at 3.
[6] As discussed below, these versions of the minutes do not contain the last page.

9

*Sarkissian calls the meeting to an end at 5:45pm*" and that the minutes were prepared November 4, 2019.  ECF No. 20-4 at 6.  Defendants included an unredacted version of the 2019 minutes as an exhibit to their motion.  ECF No. 43-12.

Defendants claim that both meeting minutes are from an unrelated entity, Zoryan Institute of Canada, and that the 2016 minutes (Exhibit C) were altered on June 11, 2024, hours after Defendants sent the 2024 Rule 11 Letter.  ECF No. 43 at 13-14, 30-37.  Defendants support their arguments by citing to evidence from a forensic analyst they retained as well as deposition evidence from two alleged members of Plaintiff's board of directors, one who testified that she did not know Mr. Bogosian, had never heard of Zoryan Canada, and didn't know the lawsuit existed until her husband received a deposition notice.  *Id.* at 16-17.  The other was unaware he was president of the board of Zoryan Massachusetts and did not recall voting to authorize this lawsuit.  *Id.* at 17-19.

Plaintiff responds that Zoryan Massachusetts is an affiliate of Zoryan Institute of Canada and they "have the same overarching board of directors."  ECF No. 46 at 13.  This seems to be new theory that was not even hinted at in any of the complaints,[7] one that is contradicted by corporate filings of both Zoryan Massachusetts and Zoryan Institute of Canada and undermined by numerous other documents.  *See*, *e.g.*, ECF No. 43-3 at 9-10; ECF No. 43-5 at 37-52; ECF No. 43-6 at 38.  Nevertheless, it is how Zoryan Massachusetts explains that Exhibits C and D to the FAC, 2016 and 2019 minutes from the Zoryan Institute of Canada, support its assertion that Mr. Bogosian served on the board of directors of Zoryan Massachusetts.  ECF No. 46 at 13-17.

---

[7] In the first paragraph of the original complaint, FAC, and SAC, it states that "Plaintiff Zoryan is a Massachusetts nonprofit corporation with its principal place of business in Arlington, Massachusetts."  ECF No. 1 at 1; ECF No. 20 at 1; ECF No. 42-2 at 2.  There is no mention of a Canadian entity or any other entity there.  ECF No. 1 at 1; ECF No. 20 at 1; ECF No. 42-2 at 2.  The word "Canada" does not appear to be in the original Complaint, FAC, or SAC at all.

10

Plaintiff concedes that there are different versions of the 2016 board minutes. *Id.* at 14-17. On March 1, 2016, a draft version of the minutes, in Word format, was circulated to board members and staff for review. *Id.* at 14. This native email and draft Word version of the minutes were not produced by Plaintiff until October 29, 2025 when it filed its Opposition to Defendants' Motion for Sanctions and Other Relief. ECF No. 46 at 14.

Plaintiff explains that on June 11, 2024, in response to Defendants' 2024 Rule 11 Letter, Zoryan Canada staff member Mr. Sarkissian[8] searched for the board meeting minutes where Mr. Bogosian was appointed to the board. *Id.* at 14. According to Plaintiff, the Word version located in this search was slightly different from the March 1, 2016 draft in that it reflected an additional "action item" that was added in 2016 at the request of a board member. *Id.* at 15-16. In preparing to provide the document to defense counsel, Mr. Sarkissian also decided that the final page, a Zoryan Staff and Board of Director Contact list,[9] was not part of the meeting minutes, and asked another staff member to remove that page and convert the document to a PDF. *Id.* at 14-15. That other staff member used iLovePDF software for the conversion. *Id.* at 15. Thus, the PDF version of the 2016 minutes was "altered" in 2024 by having been converted from Word to PDF and because the final page was omitted. *Id.* at 16.

While Plaintiff cannot dispute that it did not produce all "originals and non-identical copies" of the 2016 minutes in discovery and that it removed a page from those minutes, Plaintiff

---

[8] Mr. Sarkissian was deposed as Plaintiff's Rule 30(b)(6) witness. ECF No. 43 at 20. During this deposition, Mr. Sarkissian asserted that he was President of Zoryan Massachusetts and of Zoryan Canada and confirmed that he had authorized the filing of this lawsuit without board approval. *Id.* at 21.

[9] Mr. Bogosian is not listed on the Zoryan Staff and Board of Director Contact list. ECF No. 46-3 at 22.

11

focuses on its assertion that all versions of the 2016 board meeting minutes show that Mr. Bogosian was appointed to its board of directors. *Id.*

The First Circuit Court of Appeals utilizes a "mainly objective" standard to evaluate whether attorneys have offended the "unreasonable or vexatious" standard of 28 U.S.C. § 1927. *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 64 (1st Cir. 2008). "Subjective bad faith" is not required: "Behavior is vexatious when it is harassing or annoying, regardless of whether it is intended to be so." *New England Surfaces v. E.I. DuPont de Nemours & Co.*, 558 F. Supp. 2d 116, 124 (D. Me. 2008) (quoting *Cruz v. Savage*, 896 F.2d 626, 631-32 (1st Cir.1990)). "[I]n this context, a lawyer's conduct must be evaluated without the benefit of hindsight." *Id.* "To be vexatious, the attorney's conduct must 'be more severe than mere negligence, inadvertence, or incompetence.'" *Id.* (quoting *Cruz*, 896 F.2d at 632). The Court will not impose sanctions based upon "[g]arden-variety carelessness or even incompetence, without more." *Jensen*, 546 F.3d at 64. To be sanctionable under § 1927, the attorney's conduct "must evince a studied disregard of the need for an orderly judicial process or add up to a reckless breach of the lawyer's obligations as an officer of the court." *Id.* (internal citations omitted).

Defendants claim this high bar has been met and point to the evidence outlined above as demonstrating that Plaintiff's counsel fabricated a factual basis to support Count IV in an effort to impose individual liability on Mr. Bogosian. ECF No. 43 at 4. While Plaintiff seeks to eliminate Count IV, Plaintiff's counsel persists in arguing that they have a basis in law and fact for this claim under the theory that Zoryan Massachusetts and the Zoryan Institute of Canda are affiliates that have had "the same overarching board of directors . . . at all relevant times." ECF No. 46 at 13. The Court's role at this time is not to evaluate the merits of Count IV, but rather to evaluate Plaintiff's counsel's conduct in pressing this claim. The Court finds that this conduct did not "add

up to a reckless breach of the lawyer's obligations as an officer of the court," *see Jensen*, 546 F.3d at 64, and therefore is not sanctionable under § 1927. Furthermore, revoking Plaintiff's counsel's pro hac vice status or dismissing the FAC in its entirety is not warranted at this time.

Focusing on the meeting minutes, Defendants contend that Plaintiff's modification was intentional and designed to mislead them, noting that if the native email was timely produced, then its forensic analysis would not have been necessary. ECF No. 47 at 12. While the manner and timing of production of the 2016 meeting minutes caused Defendants to incur fees, the explanations offered by Plaintiff's counsel fall somewhere between "[g]arden variety carelessness" and "incompetence." *See Jensen*, 546 F.3d at 64. Plaintiff's counsel's discovery practices were flawed but fall short of the "studied disregard of the need for an orderly judicial process" required for sanctions under 28 U.S.C. § 1927. *Id.*

Although Plaintiff's counsel's conduct is not sanctionable under § 1927, the Court is troubled by what has transpired. Counsel are reminded of their continuing duty of candor toward the tribunal as well as their obligations to supplement or correct discovery. Counsel are on notice that failure to comply with the Rhode Island Rules of Professional Conduct or the Federal Rules of Civil Procedure may subject them to sanctions, including attorneys' fees, costs, and dismissal.

## III. CONCLUSION

Based on the foregoing, I recommend that the Motion for Leave to File Second Amended Complaint (ECF No. 42) be GRANTED IN PART and DENIED IN PART, with the Seconded Amended Complaint (ECF No. 42-3) as the operative complaint in this civil action and Count IV dismissed WITH PREJUDICE. Further, the Motion for Sanctions and Other Relief (ECF No. 43) shall be DENIED.

Any objections to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. *See Brenner v. Williams-Sonoma, Inc.*, 867 F.3d 294, 297 n.7 (1st Cir. 2017); *Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Amy E. Moses_____
AMY E. MOSES
United States Magistrate Judge

February 20, 2026