UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ZORYAN INSTITUTE FOR ) <br> CONTEMPORARY ARMENIAN ) <br> RESERACH & DOCUMENTATION, *a* ) <br> *Massachusetts Nonprofit Corporation*, ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> FOX POINT PICTURES, LLC, *a* ) <br> *Rhode Island Limited Liability* ) <br> *Company*; THEORDORE BOGOSIAN; ) <br> DOES 1-50, *inclusive*, ) <br>     Defendants. ) <br> ) | C.A. No. 24-109-JJM-AEM |

ORDER

Zoryan Institute for Contemporary Armenian Research & Documentation ("Zoryan") claims that Fox Point Pictures, LLC, and Theordore Bogosian ("Fox Point Pictures") breached a contract between the two entities when it did not give Zoryan proper credit for its funding and involvement in a documentary movie about the Armenian Genocide. Zoryan invoked the diversity jurisdiction of this Court in its Complaint, which Fox Point Pictures now challenges, claiming that the amount in controversy is not greater than $75,000 exclusive of interest and costs. ECF No. 56-1 at 13–17.

## I.    STANDARD OF REVIEW

When there is a challenge to the jurisdictional amount in a diversity case in federal court, there are a number of axioms from the United States Supreme Court

and the First Circuit that govern this Court's analysis and conclusion.  The following standards provide the Court with a framework for its analysis:

1. It is the plaintiff's burden to prove that the Court has jurisdiction.  Here, Zoryan has the burden of establishing that the amount in controversy exceeds $75,000.  *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942) ("The policy of the statute conferring diversity jurisdiction upon the district courts calls for its strict construction.  Accordingly, if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." (citation omitted)).

2. "In ruling on a motion to dismiss for lack of subject matter jurisdiction . . . the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff."  *Aversa v. United States*, 99 F.3d 1200, 1209–10 (1st Cir. 1996) (citation omitted).

3. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith.") (citation omitted).

4. A court may look beyond the pleadings to decide if it has jurisdiction.  The district court may rely on documentary evidence to establish

2

whether jurisdiction attaches. *See Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 33 (1st Cir. 2008)

## II.   DISCUSSION

With the law as our north guiding star, here we go - Has Zoryan shown that its claims exceed at least $75,000 or does it appear to a legal certainty that they do not?

Fox Point Pictures submits evidence showing that Zoryan paid only about $60,000 of the contract price from its own funds, and that another entity or entities paid the remainder of the $150,000 contract claim. *See* ECF No. 56-1 at 13–17. Zoryan claims that Fox Point Pictures received over $150,000 for the film under the contract and "the entirety of the funding was provided by Plaintiff." ECF No. 68 at 2.

The lawsuit involves allegations of a breach of contract between Zoryan and Fox Point Pictures. The amount of damages at issue are those that Zoryan alleges arise from the breach of that contract for the monies paid to Fox Point Pictures under the contract. As a party to the contract, Zoryan remained liable to Fox Point Pictures for the full amount of the contract, regardless of where Zoryan obtained the money to meet their contractual obligation. Who supplied the money for Zoryan's completion of its contractual obligations, is not relevant to the contract terms, which are solely between Zoryan and Fox Point Pictures. If funding was independently provided by Zoryan Canada or any other entity, it is sufficient because it was provided under the

contract for the film.  The funding was provided as Zoryan's consideration for the contract, and Zoryan is a party to the contract with Fox Point Pictures.

Thus, Fox Point Pictures cannot claim the jurisdictional amount is not met merely because some of the payments came from a different bank account than Zoryan.  Consequently, the Court determines that Zoryan has alleged a good faith claim for damages that meets this Court's minimum jurisdictional requirements.  *See Anderson v. Vagaro, Inc.*, 57 F.4th 11, 14-15 (1st Cir. 2023) ("The sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.") (cleaned up).

## III.    CONCLUSION

Because the Defendant has not shown to a legal certainty that the Plaintiff's claim is really for less than the jurisdictional amount, the Court DENIES Fox Point Pictures, LLC's Motion to Dismiss.  ECF No. 56.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

May 27, 2026

4